UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RENATA ROCHELLE FOREMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:23-cv-00242-LSC-NAD |
| KIMBERLY NEELY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Renata Rochelle Foreman filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 20). On January 9, 2024, the magistrate judge to whom the case was referred entered a report pursuant to 28 U.S.C. § 636(b), recommending that the habeas petition be denied and dismissed with prejudice. (Doc. 35). The parties were notified of their rights to file objections within 14 days. (*Id*. at 15-16). On January 23, 2024, Foreman filed a "Complaint for Damages" (Doc. 38) and on January 24, 2024, she filed an assortment of documentary evidence (Doc. 39). The court construes these pleadings collectively as objections to the report and recommendation.

Foreman's Complaint for Damages (Doc. 38) consists of a 35 page compilation of documents, almost all of which were previously submitted to the court (*see e.g*., docs. 23, 27). Similarly, the January 24, 2024, filing is comprised of

33 pages of documents, some of which were also attached to the Complaint for Damages, while the others have been submitted previously by Foreman, in either this habeas action or her pending civil rights litigation.[1]  Nothing in these documents objects to the finding of facts or conclusions of law in the report and recommendation.

But, giving Foreman's documentary filings the broadest possible interpretation, she may be attempting to object to the report and recommendation by asserting that the incident report regarding the relevant fighting charge was delivered to her 50 minutes past the 24 hour deadline for an incident report to issue (*see* doc. 38 at 19-26).  The relevant regulation states that a federal prisoner "will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident."  28 C.F.R. § 541.5(a).  However, a regulation does not equate to a constitutional right, and no due process right exists to receipt of an incident report within 24 hours of staff becoming aware of an incident.[2]

---

[1] *See Foreman v. Neely, et al.,* case no. 7:23-cv-00160-AMM-NAD.  Specifically, Foreman's claims concerning her placement in and the conditions of administrative detention, the denial of her personal property, the injury to her mouth, the removal from her prison job, and the accusation of prison officials tampering with her security points are all raised in Foreman's civil rights action.

[2] Constitutional due process mandates only (1) written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

Rather than identifying a due process right, Foreman establishes only that the BOP violated its own regulations. But prison regulations are "not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Courts which have considered this exact issue have uniformly found that receipt of an incident report within 24 hours of staff becoming aware of the incident is not included in the due process rights enumerated in *Wolff*. *See e.g., Brennan v. United States,* 646 F. App'x 662, 667 (10th Cir. 2016) ("We have decided the BOP's failure to provide an inmate with an IR within 24 hours of an incident does not violate due process."); *Wallace v. Fed. Det. Ctr.*, 528 F. App'x 160, 162–63 (3d Cir. 2013) (noting, even if § 541.5(a) was violated when petitioner received a copy of the charges two months after the incident, he showed no due process violation under *Wolff* and the delay did not prejudice him); *see also Newman v. Bradley*, 2020 WL 1898339, at *5 (N.D. Ala. Jan. 23, 2020) (holding that prisoner's receipt of incident report "ten minutes beyond the 24 hours specified in 28 C.F.R. § 541.5(a) infringed none of [the petitioner's] due process rights.") report and recommendation adopted, 2020 WL 968164 (N.D. Ala. Feb. 28, 2020); *Barraza v. Hendrix*, 2020 WL 5995622, at *4 (E.D. Ark. Oct. 9. 2020) (finding that BOP regulations in the Code of Federal Regulations are primarily designed to guide prison officials, and not to confer rights on inmates, and further noting that use of the word "ordinarily" in 28 C.F.R. § 541.5

means "usually," making clear that the 24 hour time limitation may be exceeded in certain cases).

Foreman fails to show that her receipt of an incident report 50 minutes past the regulatory 24 hour deadline impacted her due process rights in any way. She is due no habeas relief on this claim.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's findings, and **ACCEPTS** the recommendation.

The court finds that the amended petition for writ of habeas corpus (Doc. 20) is due to be denied and dismissed with prejudice. Foreman's motions for summary judgment (Docs 32, 34) are due to be denied.

A separate Final Judgment will be entered.

**DONE** and **ORDERED** on February 5, 2024.

_____
L. Scott Coogler
United States District Judge

160704